United States District Court
Southern District of Texas
**ENTERED**
September 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,          §
                                   §
          Plaintiff/Respondent,    §
                                   §     CRIMINAL NUMBER H-72-379-03
v.                                 §     (CIVIL ACTION NO. H-23-1026)
                                   §
JONATHAN ROSS TULLER,              §
                                   §
          Defendant/Petitioner.    §


## MEMORANDUM OPINION AND ORDER


Jonathan Ross Tuller ("Petitioner") was convicted of air piracy and kidnapping on June 24, 1976, and sentenced to 50 years on each count, to run consecutively.[1]  On March 8, 2023, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Petitioner's § 2255 Motion") (Docket Entry No. 18).[2]  Petitioner argues that his defense counsel was ineffective by failing to file an appeal and that his speedy trial rights were violated.  For the reasons explained below, Petitioner's § 2255 Motion is untimely and will therefore be denied, and the court will not issue a certificate of appealability.

---

[1]Judgment and Probation/Commitment Order ("Judgment"), Docket Entry No. 10; Presentence Report ("PSR"), Docket Entry No. 9, p. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Petitioner's § 2255 Motion, Docket Entry No. 18, p. 13.

## I.  **Background**

Petitioner was indicted on one count of air piracy in violation of 49 U.S.C. § 1472(i), one count of kidnapping in violation of 18 U.S.C. § 1201, and one count of interfering with commerce by robbery in violation of 18 U.S.C. § 1951.[3]  A jury convicted Petitioner of air piracy and kidnapping on June 24, 1976.[4]  The court sentenced Petitioner to 50 years on each count, to run consecutively.[5]  Petitioner's defense counsel did not file an appeal.

Petitioner filed a § 2255 Motion on March 14, 2023.[6] Petitioner argues that his defense counsel was ineffective for failing to file an appeal and that his speedy trial rights were violated.[7]  He states that he "only learned less than a year ago that Counsel failed to appeal [the] conviction[s]."[8]  Petitioner asks that the court order a new trial on both convictions and appoint new counsel.[9]

The United States ("the Government") opposes Petitioner's § 2255 Motion and filed the United States' Motion for Summary

---

[3]Indictment, Docket Entry No. 6, pp. 1-3.

[4]PSR, Docket Entry No. 9, p. 1.

[5]Judgment, Docket Entry No. 10.

[6]Petitioner's § 2255 Motion, Docket Entry No. 18.

[7]Id. at 4-5.

[8]Id. at 12.

[9]Id. at 13.

-2-

Judgment ("Government's MSJ") (Docket Entry No. 36) on June 7, 2023.[10]  The Government argues that Petitioner's § 2255 Motion is untimely.  Petitioner responded on June 20, 2023.[11]

## II.  **Legal Standard**

28 U.S.C. § 2255(a) states that a prisoner sentenced by a federal court may move that court "to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."  "A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude."  United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A court must grant an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

Section 2255 motions are subject to a statute of limitations of one year, which runs from the later of "(1) the date on which the judgment of conviction becomes final . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).[12]  For prisoners whose convictions became final prior to

_____

[10]Government's MSJ, Docket Entry No. 36, p. 12.

[11]Petitioner's Response to United States Motion for Summary Judgment ("Petitioner's Response to MSJ"), Docket Entry No. 38, p. 1.

[12]28 U.S.C. §§ 2255(f)(2) and (3) deal with situations where the government unconstitutionally prevents the petitioner from
(continued...)

the July 24, 1996, enactment of this limitation, the Fifth Circuit has held that a one-year period from the enactment date applies. See United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998). In addition to the § 2255(f)(4) extension for later-discovered claims (sometimes referred to as "statutory tolling"), "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). "A habeas petitioner is entitled to equitable tolling only if he shows (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (internal quotation marks and brackets omitted).

### III.   Analysis

The Government argues that Petitioner's § 2255 Motion is untimely. It states that Petitioner filed his Motion over 25 years after the grace period for pre-1996 convictions and argues that he is not entitled to statutory or equitable tolling.[13] Petitioner responds by attacking the Government's assertion that his conviction became final on July 31, 1976, emphasizing that a notice

---

[12](...continued)
filing a § 2255 motion or where the Supreme Court newly recognizes a right and makes it retroactive to cases on collateral review. Neither of these apply here.

[13]Government's MSJ, Docket Entry No. 36, p. 1.

of appeal would have been filed but for his ineffective counsel.[14] But the date his conviction became final is not relevant because the post-enactment grace period applies.[15]  The grace period ended on April 24, 1997, well before Petitioner filed his § 2255 Motion. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998).

Petitioner argues that his Motion is nevertheless timely because he only learned within the past year that no appeal had been filed.  Both statutory and equitable tolling depend on the petitioner's diligence or what could have been discovered with diligence.  See 28 U.S.C. § 2255(f)(4); Mathis, 616 F.3d at 474. If Petitioner had exercised any reasonable level of diligence, he would have long ago discovered that his lawyer did not file an appeal.  Petitioner offers no argument to justify his delay in bringing his speedy trial claim.  The court concludes that Petitioner is not entitled to statutory or equitable tolling and that his § 2255 Petition is therefore untimely.

## IV.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the

---

[14]Petitioner's Response to MSJ, Docket Entry No. 38, p. 2 ¶ 3.

[15]In cases where a conviction occurred before the enactment date but became final afterward, the date of finality would govern rather than the post-enactment grace period. But even if Petitioner's counsel had appealed his 1976 conviction, it is inconceivable that the appeal would have been ongoing twenty years later when the statute of limitations was enacted.

-5-

applicant." A certificate of appealability will not issue unless
that applicant makes "a substantial showing of the denial of a
constitutional right," 28 U.S.C. § 2253(c)(2), which requires an
applicant to demonstrate "'that reasonable jurists would find the
district court's assessment of the constitutional claims debatable
or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004)
(quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under
that controlling standard a petitioner is required to show "that
reasonable jurists could debate whether (or, for that matter, agree
that) the petition should have been resolved in a different manner
or that the issues presented were adequate to deserve encouragement
to proceed further." Miller-El v. Cockrell, 123 S. Ct. 1029, 1039
(2003) (internal quotation marks omitted).

A district court may deny a certificate of appealability,
sua sponte, without requiring further briefing or argument. See
Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court
concludes that reasonable jurists could not find any of
Petitioner's claims meritorious, so a certificate of appealability
will be denied.

### V.   Conclusion and Order

Petitioner's § 2255 Motion is untimely. Petitioner's Motion
Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By
a Person in Federal Custody (Docket Entry No. 18) is therefore
**DENIED.** The record conclusively shows that Petitioner is not

-6-

entitled to any relief, so the court need not grant an evidentiary hearing.   Because reasonable jurists could not find any of Petitioner's asserted claims meritorious, a certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 13th day of September, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE