IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § v. § § JONATHAN ROSS TULLER, § § Defendant. § | CRIMINAL NUMBER H-72-379-03 |

### MEMORANDUM OPINION AND ORDER

Jonathan Ross Tuller ("Defendant") has filed a Motion for Sentence Reduction First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) ("Defendant's Second Motion for Compassionate Release") (Docket Entry No. 41). The Government has filed Government's Response to Defendant's Sentence-Reduction Motion ("Government's Response") (Docket Entry No. 43). For the reasons explained below, Defendant's Second Motion for Compassionate Release will be denied.

### I. Background

On October 29, 1972, Defendant was involved in the hijacking of Eastern Airlines Flight Number 496.[1]  At the time of the hijacking, the plane had approximately thirty-five passengers and seven crew members on board.[2]

---

[1] Indictment, Docket Entry No. 6, p. 1.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Id. at 2.

Defendant was indicted on November 5, 1972, on one count of air piracy in violation of 49 U.S.C. § 1472(i), one count of kidnapping in violation of 18 U.S.C. § 1201, and one count of interfering with commerce by robbery in violation of 18 U.S.C. § 1951.[3] On June 24, 1976, Defendant was convicted of air piracy and kidnapping by a jury.[4] The court sentenced Defendant to 50 years on each count, to run consecutively, for a total sentence of 100 years in custody.[5]

On April 27, 2022, Defendant filed his first motion for compassionate release, arguing that he was entitled to a sentence reduction due to his vulnerability to the COVID-19 pandemic.[6] Finding that (1) "COVID-related concerns alone do not constitute 'extraordinary or compelling' reasons for relief," (2) Defendant "ha[d] not shown that the [prison was] incapable of managing the COVID-19 pandemic," and (3) that Defendant had "failed to show that he [was] suffering from a terminal illness or other medical condition," the court denied Defendant's First Motion for Compassionate Release.[7]

---

[3] Id. at 1-3.

[4] Presentence Report, Docket Entry No. 9, p. 1 (sealed).

[5] Judgment and Probation/Commitment Order, Docket Entry No. 10.

[6] Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Defendant's First Motion for Compassionate Release"), Docket Entry No. 11, p. 2.

[7] Order, Docket Entry No. 15, pp. 2-3.

On March 8, 2023, Defendant filed a § 2255 motion, arguing that his defense counsel was ineffective in failing to appeal his conviction and that his speedy trial rights were violated.[8] Finding that Defendant's motion was not timely, the court denied Defendant's § 2255 Motion.[9]

On February 4, 2025, Defendant filed his Second Motion for Compassionate Release, arguing that he is entitled to a sentence reduction under § 3582(c)(1)(A) because of his age, immaturity, and dependence on his father at the time of the offense.[10] On June 27, 2025, the Government filed its Response opposing Defendant's Second Motion for Compassionate Release.[11]  Defendant has not filed a reply.

## II. Analysis

18 U.S.C. § 3582(c) "does not apply to sentences imposed on offenses committed prior to November 1, 1987." United States v. Watson, 868 F.2d 157, 158 (5th Cir. 1989).

"From 1976 to 1984," 18 U.S.C. § 4205(g) as opposed to 18 U.S.C. § 3582(c)(1)(A), "defined the procedures through which

---

[8]Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Defendant's § 2255 Motion"), Docket Entry No. 18, pp. 4-5.

[9]Memorandum Opinion and Order, Docket Entry No. 39, pp. 5-6.

[10]Defendant's Second Motion for Compassionate Release, Docket Entry No. 41, p. 2.

[11]Government's Response, Docket Entry No. 43.

inmates could gain compassionate release." United States v. Arzola-Amaya, EP-87-CR-00162(1)-DCG, 2023 WL 12184944, at *2 (W.D. Tex. Nov. 16, 2023) (quoting United States v. King, 24 F.4th 1226, 1228 (9th Cir. 2022)) (internal quotation marks omitted). Section 4205(g) "authorized courts to 'reduce any minimum term' of imprisonment 'to the time the defendant ha[d] served'" upon receiving a motion from the Bureau of Prisons. Id. (quoting 18 U.S.C. § 4205(g) (1984)).

In 1984 Congress repealed § 4205(g) and created a new compassionate release process under § 3582(c)(1)(A). Id. at *3. Although § 4205(g) was repealed, Congress provided that it "would remain in effect for five years" for "defendants who committed an offense before the [Sentencing Reform Act]'s November 1, 1987 effective date." Id. Congress has extended the five-year extension of § 4205(g) numerous times since 1984, with the most recent extension in the September 30, 2023, stopgap funding bill. Id. Moreover, Congress explicitly specified that the new compassionate release process under § 3582(c)(1)(A) would not apply to defendants who committed their crimes before November 1, 1987. Id.; Sentencing Act of 1987 § 2(a), Publ. L. No. 100-182, 101 Stat. 1266; Watson, 868 F.2d at 158. "Section 4205(g) has therefore never expired as to offenders who committed offenses before November 1, 1987." Arzola-Amaya, 2023 WL 12184944, at *3.

Under this two-track system "[d]efendants who committed their offenses after November 1, 1987" can file their own compassionate

-4-

release motions under § 3582(c)(1)(A), while "[d]efendants who committed their offenses before November 1, 1987" must have the BOP move for compassionate release on their behalf under § 4205(g). Id. at *4 (emphasis in original).

Because Defendant committed his offenses before November 1, 1987, § 4305(g) governs his compassionate release motion instead of § 3582(c)(1)(A). Since Defendant — not BOP — filed the pending motion, Defendant's Second Motion for Compassionate Release must be denied.

### III. Conclusion and Order

For the reasons explained above, Defendant's Motion for Sentence Reduction First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (Docket Entry No. 41) is **DENIED**.

**SIGNED** at Houston, Texas, on this 4th day of February, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE